## James I. Given vs. John B. Charron.

The special count in a declaration set up an agreement between plaintiff, (a clerk or salesman,) and defendant, (his employer, a dry goods jobber in the city of Baltimore,) for the hire of the former for six months, from January 1st to July 1st, 1855, at $800, and that he was wrongfully discharged by the latter, on the 1st of April 1855. Held:

1st. That evidence of a *custom* among dry goods jobbers in Baltimore, that when a clerk or salesman begins a season, without a special contract, he cannot be dismissed till the end of it, and that the seasons are two, one from January 1st to July 1st, and the other from July 1st to January 1st, is admissible.

2nd. An entry in the defendant's books, "By interest and 4 months' salary, $800," does not support the agreement sued on, there being no explanation of the words "by interest," nor does evidence that he was employed by another party, at $100 per month, support such agreement.

Where a party is employed, at a certain price, for a certain time, and before its expiration the contract is put an end to by the employer, he may recover on a *quantum meruit*, for the services he actually rendered.

An instruction so worded that it is impossible to decide whether it was designed to be confined to the common counts in view of which it is correct, or to extend to the whole declaration, which contained also a special count, in view of which it is wrong, is calculated to mislead the jury and is erroneous.

APPEAL from the Superior Court of Baltimore city.

*Assumpsit*, brought on the 21st of July 1855, by the appellee against the appellant. The *nar.* contains the *indebitatus* counts, and a *special* count setting up an agreement between the defendant and the plaintiff, for the hire of the plaintiff for six months, from January 1st to July 1st, 1855, at $800, and that the plaintiff was wrongfully discharged by the defendant on the 1st of April 1855. Plea *non assumpsit*.

The facts of the case are fully stated in the opinion of this court. At the trial, two exceptions were taken by the defendant to the rulings of the court, (LEE, J.,) the *first* to the admission of evidence of the usage or custom spoken of by the witnesses, and the *second* to the rejection of the defendant's two prayers and the granting of the instruction by the

Given vs. Charron.

court, which is set out in the opinion of this court. The prayers of the defendant, which were refused, are:

1st. That the evidence offered by the plaintiff, from the books of the defendant, does not sustain the special count in the declaration, and the plaintiff cannot recover on that count as the entry in the book of the defendant, "By interest & 4 mo's salary, $800," does not correspond with the allegation of a retainer at the rate of $800 for the season, if the jury believe, from the evidence, that said entry at all refers to the purchase by the defendant of the plaintiff's partnership interest between the 1st of July 1854 and the 13th of September 1854.

2nd. If the jury believe, from the evidence, that the plaintiff engaged in the service of Mr. Hamilton on the 5th of April 1855, as clerk and salesman, and continued therein till the 1st of July afterwards, then the plaintiff cannot recover on the special count in his declaration.

The verdict and judgment were in favor of the plaintiff for $300, with interest and costs, and defendant appealed.

The cause was argued before LE GRAND, C. J., ECCLES-TON and BARTOL, J.

*John Carson* for the appellant:

1st. There was error in permitting the evidence of usage to go to the jury. 1st. By the terms of the usage, it did not apply where there was a special contract; and the evidence was therefore inadmissible under the first count in the declaration, which was upon the special agreement. 2nd. The evidence as to the usage was inadmissible under the common counts, as it did not go to show an actual service, but to entitle the plaintiff to recover without such service. He could not recover, under the common counts, for a constructive service, upon the ground that, having tendered his readiness to perform, he was, at the end of six months, to be considered as having performed his service, for this doctrine is overruled, and the plaintiff must sue on the special agreement, and failing in this, he can only recover under the common

counts, for services actually rendered. 2 *Md. Rep.*, 38; *Bull vs. Schuberth.* 8 *Md. Rep.*, 132, *Jenkins vs. Long; et al.* 69 *Eng. C. L. Rep.*, 574, *Goodman vs· Pocock.* 34 *Eng. C. L. Rep.*, 154. *Smith vs. Hayward.* 60 *Eng. C. L. Rep.*, 177, *Elderton vs. Emmens.*

2nd. The defendant's first prayer raises the question of variance between the special contract declared on and the proof thereof. If the entry in the defendant's books, "By interest and 4 months salary, $800," refers exclusively to salary, then the six months' salary would be $1200, and not $800 as declared on. If it embraces partnership interest as well as salary, then it cannot prove the amount of salary under the special agreement, as the entry consists of but one item. No matter, therefore, which of these constructions is put on this entry, there is a clear variance between the contract declared on and the proof thereof, and the defendant's first prayer should have been granted.

3rd. The instruction granted by the court is erroneous. 1st. It did not require the jury to find the rate of salary under the special agreement, but allowed the plaintiff to recover if the jury found only a part of the contract, viz: an engagement for six months service. 2nd. It *assumed* the fact that the defendant discharged the plaintiff. 3rd. It wholly ignored the variance between the salary stated in the special count and the proof by the entry in the defendant's books. 4th. It gave the jury no measure of damages, but left the amount of damages to the mere caprice or conjecture of the jury. If the contract was proved, the measure of damages was the contract price, less the amount received from the defendant and the sum paid the plaintiff by Hamilton & Co. *Sedgwick on Damages*, 532. 69 *Eng. C. L. Rep.*, 574, *Goodman vs. Pocock.* 60 *Eng. C. L. Rep.*, 154, *Smith vs. Hayward.* 5th. The court should have instructed the jury that if they found that this entry from the defendant's books embraced the purchase money for the plaintiff's interest in the firm of Barthalow, Tiffany & Co., then the plaintiff could not recover on the special count; for how could any rational mind tell how much of the $800

referred to salary, or what the amount of salary was; and how could the jury rationally determine the damages for the breach of a contract which was not proved. 6th. The court's instruction was also wrong, because the usage, if admissible, did not sustain the special count but in part, and there was a clear variance between the usage and that count; for the usage only proves that the defendant could not discharge the plaintiff, but does not prove that the plaintiff was bound to remain with the defendant for six months, as the special count alleges; consistently with this usage the plaintiff might leave the defendant when he pleased.

*A. L. Knott* for the appellee:

1st. The testimony going to establish the existence of the custom or usage in the dry goods jobbing business in Baltimore city, in regard to the employment of clerks and salesmen, by the season of six months, when there is no express stipulation to the contrary, was properly admitted. The fact of such custom is to be proven like any other fact. 1 *Greenlf. on Ev.*, sec. 292. 2 *Parsons on Cont.*, 48, and note and cases there cited. 2 *Md. Rep.*, 217, *Merchants Mutual Ins. Co. vs. Wilson.* 6 *H. & J.*, 408, *Allegré vs. Ins. Co.* 1 *H. & G.*, 239, *Bank of Columbia vs. Fitzhugh.* 5 *Hill*, 437, *Hinton vs. Locke.* 12 *G. & J.*, 468, *Mason, et al., vs. Franklin Fire Ins. Co.* 13 *Md. Rep.*, 279, *Frazier vs. Warfield.*

2nd. The defendant's first prayer is objectionable on the ground that, had it been granted, it would have restricted the jury in considering the evidence produced to establish the special contract declared on in the first count of the declaration to *that part of it only* contained in a *single entry* from the account between the parties in the defendant's books, and excluded from their consideration all the other facts sworn to bearing on that point. It would have been equivalent to an instruction, that on the evidence the plaintiff could not recover. In face of the facts in evidence, it is submitted that, the court could not undertake to give any such instruction. 2 *Gill*, 152, *Byer vs. Etnyre, et al.* 13 *Md. Rep.*, 242.

*Andre vs. Bodman.* Besides, it is insisted that the entry in question did furnish evidence to sustain the special count. It is, at least, an ambiguous one, and having been made by the defendant and in his own books, and no evidence being offered by him in explanation of it, the jury were entitled to place on it that construction which would operate most favorably for the plaintiff and against the defendant. *Broom's Maxims,* 461. 1 *H. Bl. Rep.,* 586, *Gibson, et al., vs. Minet.* 13 *Eng. C. L. Rep.,* 227, *Edis vs. Bury.*

3rd. The court's instruction correctly stated the whole law applicable to the case. If the contract was made between the parties, and the jury so found, the party aggrieved by its violation, was entitled to damages. The amount of damages was for the jury to ascertain on all the evidence. The contract was entire, and the plaintiff was entitled to recover the whole contract price for the season, deducting what he had received on account. 19 *Eng. C. L. Rep.,* 504, *Callo vs. Brouncker.* 36 *Eng. C. L. Rep.,* 368, *Smith vs. Kingsford.* 2 *Carr. & Payne,* 607, *Beeston vs. Collyer. Ibid.,* 370, *Pagani vs. Gandolfi.* 5 *Barn. & Adol.,* 904, *Fawcett vs. Cash.* 4 *Camp.,* 375, *Gandell vs. Pontigny.* 5 *Watts & Sergt.,* 210, *Pereira vs. Sayres.* 7 *Adol. & Ellis,* 177, *Williams vs. Byrne.* 2 *Denio,* 609, *Costigan vs. Mohawk & Hudson Rail Road Co.* 1 *Nott & McCord,* 284, *Cox vs. Adams.* 1 *Gill,* 311, *Howard vs. Wil. & Susq. Rail Road Co.* These cases also establish that willingness and a tender to perform by the plaintiff, when prevented by the defendant, are equivalent to performance. See, also, on this point, 3 *Johns.,* 520, *Fleming vs. Gilbert.* 7 *Missouri,* 96, *Posey vs. Garth.* As to entirety of contract, see 2 *Mass.,* 147, *Faxon vs. Mansfield.* 17 *Verm.,* 355, *Winn vs. Southgate.* 8 *Cowen,* 63, *Lantry vs. Parks.* 12 *Johns.,* 165, *M'Millan vs. Vanderlip.* 4 *Wend.,* 604, *Stephens vs. Beard.* 4 *Gilman,* 64, *Badgley vs. Heald.* 2 *Pick.,* 274, *Stark vs. Parker.* These cases establish the doctrine, that in entire contracts, where conditions precedent remain unperformed as contracted for, the party in default can

recover nothing for what has been done under the uncompleted contract. The rule is reciprocal. The party who is ready and willing to complete, can recover as for whole performance when prevented by acts of the other party. 8 *Md. Rep.*, 197, *Parker Vein Coal Co. vs. O'Hern.* 2 *Smith's Lead. Cases*, 17, *Cutter vs. Powell, and notes.* The omission in the instruction of the court to state the amount of salary agreed on, is no cause for reversal under the circumstances of this case. The omission was immaterial. It, at least, worked no injury to the appellant. The insertion of it would have entitled the appellee to a larger measure of damages than the verdict gave. Of this the appellant cannot complain. 12 *Md. Rep.*, 491, *Trieber vs. Knabe & Betts.*

Le Grand, C. J., delivered the opinion of this court.

This action was instituted to recover for an alleged wrongful dismissal of the plaintiff from the employment of the defendant. The declaration contains a special count, the *indebitatus* counts and an account stated. The special count sets out a special agreement between the plaintiff and the defendant, for the hire of the plaintiff for the period of six months, from January 1st, 1855, to July 1st, 1855, at the sum of eight hundred dollars, and that the plaintiff was discharged wrongfully, by the defendant, on the first day of April 1855.

There was no witness examined in the case, who proved *either the special agreement of employment counted upon, or the value of the plaintiff's services.*

After proving the length of time which the plaintiff was in the employ of the defendant, and that he was a salesman of the first order; it was then proposed to offer, on behalf of the plaintiff, evidence of a *custom* among dry goods jobbers, such as was the defendant, in the city of Baltimore, that when a clerk or salesman begins a season in the absence of, or without a special contract, the clerk or salesman cannot be dismissed until the termination of the season, and that the seasons are two, the one from January the 1st to the 1st of July, and the other from July 1st to January 1st. The

admissibility of this evidence was objected to, but the court overruled the objection and admitted the evidence to go to the jury. The defendant excepted.

We think the testimony was properly admitted. It was pertinent to the contract declared upon, and a link in the chain of evidence to establish a custom existing among dry goods jobbers as to the time for which they were to be understood as employing clerks, when nothing was said in regard to it. The question of the reasonableness of the custom was not involved in the offer, nor was its effect upon the rights of the plaintiff to recover determined by its admission. Those were questions reserved for the further decision of the court on the whole evidence in the cause.

The evidence contained in the first bill of exceptions is in the second also. It was proven that certain persons constituted a firm, under the name of Bartholow, Tiffany & Co., of which firm the plaintiff was one. The firm was dissolved; subsequently to the dissolution, the plaintiff became the clerk of the defendant. The dissolution took place on the 11th of September 1854.

The only proof given of *value* of services was the rate at which they were paid for by Hamilton & Co., into whose employ the plaintiff entered after his discharge by the defendant, and an entry on the books of the defendant. Hamilton & Co. paid the plaintiff at the rate of $100 *per* month. The entry on the book was in these words: "By interest and 4 months' salary, $800."

The defendant asked two instructions from the court to the jury, both of which were denied, and the court instructed the jury as follows: "If the jury believe and find, from all the evidence in this cause, that the plaintiff was engaged to be in the employ of the defendant for the entire season of six months, and that the plaintiff performed his part of the agreement, until discharged by the defendant, and after his discharge offered to go on and complete his services for the six months, then the plaintiff is entitled to recover such damages or loss, as the jury shall find he has sustained by

reason of the defendant's discharging him before the expiration of the term of service agreed on."

Apart from defect in form of the instruction in assuming the fact of the discharge of the plaintiff, it was erroneous. If the entry in the book be relied upon, it does not correspond, in any view of it, with the agreement set up in the declaration. There is no explanation in the evidence of the meaning of the words in the entry, *"by interest,"* and if the $800 are to be taken as the rate of salary for *four* months, then, it is clear, the contract would be one for $1200 for six months, instead of eight hundred, the amount alleged in the special count.

The rate of salary paid by Hamilton & Co., is not evidence on which the plaintiff can rely to sustain the special count. It does not support the agreement set out in that count, for, if it proved anything, it would prove a hiring for six months at *six* hundred instead of *eight* hundred dollars.

If the plaintiff had been employed by the defendant, and for a certain time, and before the expiration of the time agreed upon, the contract was put an end to, it was competent to the plaintiff to recover, on a *quantum meruit,* for the services he actually rendered. *Bull vs. Schuberth, 2 Md. Rep.,* 57. But, from the instruction given by the court, it is impossible to decide whether or not it was designed to be confined to the common counts, or to extend to the whole declaration, and therefore calculated to mislead the jury. It follows, that the instruction by the court was erroneous. The first prayer of the defendant ought to have been granted. The second prayer was abandoned at the bar, and is not therefore before this court.

*Judgment reversed and procedendo ordered.*

(Decided May 16th, 1860.)