# DECISIONS

## OF THE

# COURT OF APPEALS OF KENTUCKY.

---

## JANUARY TERM, 1889.

---

CASE 14—PETITION EQUITY—JANUARY 10.

## Rowe, Executor, &c., v. Fogle, &c.

### APPEAL FROM OHIO CIRCUIT COURT.

ATTORNEY'S LIEN.—When a plaintiff, in good faith, dismisses his action, whether in contract or tort, receiving nothing from the defendant, the attorney for the plaintiff has no lien for his fee, and, therefore, must look to the plaintiff and not the defendant.

EDWARD W. HINES FOR APPELLANT.

Where the plaintiff dismisses his action without receiving any thing from the defendant, the attorney for the plaintiff has no lien for his fee, and can not look to the defendant. (Gen. Stats., chap. 5, art. 1, sec, 15; Evans v. Bell, 6 Dana, 480; Elwood v. Wilson, 21 Iowa, 527; Weeks on Attorneys at Law, sec. 379; Overton on the Law of Liens, sec. 59; Wood v. Anders, 5 Bush, 602; Hutchinson v. Pettes, 18 Vt., 614; Platt v. Jerome, 19 How., 384; Brown v. Comstock, 10 Barb., 68; Young v. Dearborn, 27 N. H., 324, 331; Simmons v. Almy, 103 Mass., 33; Henchey v. Chicago, 41 Ill., 136; 31 Am. Dec., note 755-759.)

J. EDWIN ROWE OF COUNSEL ON SAME SIDE.

J. E. FOGLE FOR APPELLEE.

1. There can be no reversal because there was no objection to appellee's motion for a rule; no separation by the court of its conclusions of

law and fact; no motion for a new trial, and no bill of exceptions. (Civil Code, secs. 331, 332, 333 and 623.)

2. To entitle the plaintiff's attorneys to a lien, it is not necessary that the suit should be prosecuted to judgment. The statute was intended to protect attorneys before, as well as after judgment. (Gen. Stats., chap. 5, art. 1, sec. 15; 4 Bush, 16, 17; 9 Bush, 661; Weeks on attorneys at Law, sec. 379.)

3. The dismissal of plaintiff's action was fraudulent, being intended to defeat the claim of appellees, and therefore should not be sanctioned by the court.

THOMAS H. HINES OF COUNSEL ON SAME SIDE.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The lien asserted or allowed an attorney for his services in this State is purely statutory. When the demand arises out of contract, and is placed in the hands of an attorney to be collected by suit or otherwise, the attorney has a lien ; or where the claim is reduced to judgment, whether in contract or for a tort, or the property is recovered, the attorney has his lien. (General Statutes, chapter 5, article 1, section 15.) The payment by the debtor to the creditor of a claim arising out of contract, with notice that it is in the hands of an attorney for collection, will not deprive the attorney of his lien, and an action brought by the attorney would be deemed sufficient notice. Suppose, however, that no action is brought, and the plaintiff regards his claim as worthless, and proposes to withdraw it from the attorney, or to dismiss it after suit has been instituted, is the statute giving the lien to be so construed as to prevent an abandonment of the claim, if done in good faith, and not with a view of defeating the lien. Such a construction would result in useless litigation, and compel the payment, by the defendant, to the attorney of the plaintiff of his fee, or submit to a litigation upon an alleged cause of

action, when both parties, plaintiff and defendant, agree that no recovery can be had.

Where the defandant has paid or agrees to pay the plaintiff for withdrawing the suit, or the claimant receives a consideration for forbearing to sue when the claim is in the hands of the attorney, and so known to the defendant, the rule would be different.

In cases of tort, before judgment, this court has held, and still holds, that the statute under which such liens are asserted does not prevent the parties from settling the litigation, and in such a case the attorney must look alone to his client for compensation.

In this case, both the parties, plaintiff and defendant, agreed that the action in which the lien is asserted should be dismissed, each party paying his own costs. Nothing was recovered by the defendant from the plaintiff, and no recovery had by the latter, and there is nothing in the record showing that the object to be accomplished was to defeat the claim of the attorneys for their services. The plaintiff, in good faith, dismissed the action, and there was no reason for compelling the defendant to pay the attorneys of the plaintiff one hundred dollars, or any other sum for their services. They must prosecute their claim against the plaintiff and not the defendant.

The judgment below is reversed, with directions to discharge the rule.