### SCHRIEVER v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Special Term, Kings County.   December, 1899.)

1. ATTORNEY AND CLIENT—LIEN ON CAUSE OF ACTION.
    Where parties to an action in tort compromise the same without the knowledge or consent of the plaintiff's attorney, and the amount of compromise is paid to the plaintiff, who is insolvent, plaintiff's attorney has no right, nor can he be compelled by defendant, ·to prosecute the action to judgment, in order to enforce his lien, under Code Civ. Proc. § 66, providing that an attorney has a lien on his client's cause of action which cannot be affected by any settlement between the parties, as such a judgment is not necessary to the enforcement of his lien.

2. SAME—RIGHT TO JURY TRIAL.
    As a proceeding under Code Civ. Proc. § 66, giving an attorney a lien on his client's cause of action for services rendered in prosecuting the same, is equitable, the parties are not entitled to a jury trial.

On motion for a reargument.   Denied.
For former opinion, see 61 N. Y. Supp. 644.

GAYNOR, J.   This motion for reargument is based on a recent decision of the appellate division of this department delivered orally from the bench.   I have not ascertained exactly what was decided there, but have reason to say that the question now up was not, nor argued, and I find myself unable to change the views I have heretofore expressed herein and in three other cases this term.   If this case is to be appealed it will probably be more acceptable to the learned appellate division if I let what I have already done stand.

It was always a thing undoubted that the parties to an action had the absolute right to compromise and settle the cause of action as they saw fit, without regard to the advice or wishes of their attorneys. The statute provision (Code Civ. Proc. § 66) giving attorneys a lien on the cause of action for their compensation (instead of only on the judgment for their taxed costs, as at common law), was obviously not intended to change this. In answer to a suggestion that the statute was against public policy for enabling attorneys to stand in the way of settlements, which have always been favored by the law, the court of appeals in Peri v. Railroad Co., 46 N. E. 849, said:

"This criticism overlooks the fact that the existence of the lien does not permit the plaintiff's attorney to stand in the way of settlement. The client is still competent to decide whether he will continue the litigation or agree with his adversary in the way."

The same thing was decided in other cases. Lee v. Vacuum Oil Co., 126 N. Y. 579, 27 N. E. 1018; Poole v. Belcha, 131 N. Y. 200, 30 N. E. 53. In the former of these cases it is said at one place in the opinion, to be sure, that the client may stop the action when he wills, "provided he is willing and able to satisfy his attorney's just claims." But it is obvious from the context that this was not meant as a general reservation to the proposition, but only to come within the precise facts of that case. The learned judge writing did not mean to say, for instance, that if the client was "unwilling" but able to pay his attorney, that a claim could be made by the attorney against the opposite party; for in case the client is able to pay, the attorney cannot resort to his lien at all against the opposite party, such party being subjected to such lien only as security. No more did he mean to say that an actual settlement between the parties could be set aside by the attorney in any case. How could that be meant after saying that the attorney's lien does not give him the right to stand in the way of a settlement by the parties?

The client having the absolute right of settlement, it must follow that the attorney's lien on the cause of action is subject to such right. The attorney is subject to his client, and his lien to all the prudences, fears, necessities, and so on, of his client which may induce him to compromise and settle. The cause of action merges in the settlement. There is then no cause of action left for the attorney's lien to attach to. His lien is determined by the settlement. The amount agreed to be paid in settlement is then all that his lien covers. If, nothing is to be paid in settlement his lien is gone. To say that an attorney for the plaintiff can repudiate such settlement, and harass the defendant by going on with the action in order to see if he cannot by obtaining a judgment create a fund, or a larger fund than the amount agreed to be paid in settlement, for his lien to reach, is equivalent to saying that the defendant cannot settle the cause of action with the plaintiff without the attorney's consent; and that is not so. To give attorneys such a status would be to create a licensed band to prey upon the community. It would set afoot champerty and maintenance of a most demoralizing character. The law has not put a learned and honorable profession in such an un-

worthy position. For instance, one of the three other cases like the present case which came before me this term was an action for damages for the alienation of a wife's affections. Can it be that the attorney for the plaintiff may repudiate the settlement of the parties in such an action and go on and try the action on the speculation of getting a recovery, or a better recovery than the settlement, to serve as a basis for the determination of his lien? It would be strange to say yes to such a scandal after saying the parties have the right to settle the cause of action.

In the present case the defendant having paid the amount fixed by the settlement to the plaintiff, his attorney moved to be allowed to prosecute the action to judgment in aid of his lien. This was denied, on the ground that the lien attached to the amount agreed on in settlement; but the defendant now changes its position and wants the plaintiff's attorney to be required to go on with the action, rather than pay him 40 per cent. of such amount to satisfy his lien. It claims that it made the settlement only to buy its peace. But that does not alter the case. Apart from the absurdity of saying it only settled the action to buy its peace, when it knew it was not buying peace at all if the attorney retained the right to go on with the action, how could a settlement for peace put the defendant in any different relation to the plaintiff's attorney than if it settled because it thought the plaintiff had a good cause and would prevail in the action? It does not matter what reasons induced the settlement. The power to destroy the cause of action by a settlement existed in the parties, and they have destroyed it. The attorney did not own any part of the cause of action. Indeed, he could not, for it was non-assignable. He only had a lien on it subject to the right of the parties to compromise and settle from whatever motives might move them. And on the other hand, if the defendant had retained the attorney's share of the amount of the settlement and tendered it to him, and he had refused it, and asked to go on with his action, on no principle could he be permitted to do so.

If the foregoing seems in some respects to run counter to some decided cases, I can only say that after examining all of the cases in England and here, I found the present point neither discussed nor decided in any of them, and myself unable to deduce any rule from them. They are very conflicting and confusing, and I suppose I may with propriety say that some of them cannot be deemed authoritative. And, besides, the decisions prior to the adoption of our statute provision giving a lien on the cause of action are not applicable. I understand that the reason and the science and philosophy of the thing should always govern in a judicial decision unless actual authority stands in the way; and I further understand that only the actual thing decided in a case can be cited as an authoritative precedent. What may be said by judges in giving a decision is quite another thing. From remarks copied here and there from opinions and text writers any variety of patchwork may be made up. But the law is a science.

There are a few early decisions in England and a number here before the said statute provision giving the attorney a lien on the

cause of action was passed (viz., in 1879), to the effect that if the parties made a settlement which was collusive and fraudulent as to the attorney, viz., for being meant to prevent a judgment so that he could not tax his costs (which were formerly fixed by law as his only compensation), he would be permitted to go on and enter judgment in the name of his client so as to tax his costs and thereby protect himself. These decisions are fully discussed in Coughlin v. Railroad Co., 71 N. Y. 443, where it is pointed out that they are based on no principle, but are arbitrary. They grew out of the necessities of the case, to prevent the attorney from being defrauded of his costs. But if he had had a lien on the cause of action as now he would not have needed to enter judgment for his protection. The court could have enforced payment of costs without the aid of such judgment. The settlement itself would have been a basis for the enforcement of his lien. It may possibly be that a case of fraudulent settlement against the attorney could now arise in which he could not get protection unless by prosecuting the action to judgment, but it seems impossible to think of such a case. If the parties should settle ostensibly for $100, but in fact for $1,000, in order to defraud the attorney, the latter sum would be the real settlement and would be covered by his lien. How then would the fraud be a reason for allowing him to continue the action? The parties have an absolute right of settlement. If they actually settle without anything being paid, that is no fraud on the attorney. If they conceal the true amount, on its discovery the attorney's lien attaches to it. There are no longer necessities of the case, as when the attorney had no lien except on the judgment, and then only for the costs fixed by law, which call for a prosecution of the action to judgment for the attorney's protection.

And when we examine the English cases on which this rule of the attorney continuing the action is founded (they are cited in Coughlin v. Railroad Co., and other cases), we find that they have no application except to settlements by the parties which are collusive and fraudulent against the attorney, viz., to prevent him from entering judgment, and thereby cheat him out of the lien for costs which he would have on the entry of judgment. If the settlement had no such purpose it was conclusive. And none of them is authority for the broad proposition that the attorney for the plaintiff may continue any action for unliquidated damages, much less an action for tort, in aid of his lien after a settlement by the parties, even if it be in fraud of him. Welsh v. Hole, 1 Doug. 237; Swain v. Senate, 2 Bos. & P. (N. R.) 99; Chapman v. Haw, 1 Taunt. 341; Cole v. Bennett, 6 Price, 15; Marr v. Smith, 4 Barn. & Ald. 466. In Welsh v. Hole, the parties compromised a judgment against the defendant for assault and battery. A motion by the plaintiff's attorney to collect his costs of the defendant by means of the judgment notwithstanding the settlement was denied, for the reason that he had given no notice of lien and that the settlement was not to defraud him. In Swain v. Senate (and I have cited these decisions in chronological order), the defendant being in custody under a judgment gave bail and went abroad. The bail bond was a matter of record in the case on

which the plaintiff was entitled as of course to enter judgment on a writ of scire facias. The plaintiff and the bail entered into a collusive settlement to prevent that from being done, so as to cheat the plaintiff's attorney of his costs. He was allowed to enter judgment (which was a mere formality) to frustrate the fraud. In Chapman v. Haw it was held that the plaintiff may without consulting his attorney compromise with the defendant and take upon himself the payment of his attorney's costs "if there be no fraudulent conspiracy to cheat the attorney of his costs"; and the motion to vacate the judgment which the attorney had entered in spite of the settlement was granted. In Cole v. Bennett the parties tried to defraud the attorney of his costs, and the motion to vacate the judgment entered by the attorney on default was denied. In Marr v. Smith the parties made a bona fide settlement of the judgment, and on motion the defendant was discharged from custody under it against the opposition of the plaintiff's attorney who sought to hold the judgment for his costs. And in McDonald v. Napier, 14 Ga. 89, also cited in the Coughlin Case, it was held that "if the parties without notice bona fide settle or compromise the debt and costs, the attorney cannot afterwards proceed against the defendant for his costs." These decisions seem scarcely to support decisions such as that in Rasquin v. Stage Co., 12 Abb. Prac. 324, that the attorney may prosecute the action to judgment in every case, where it has been settled to defraud him; much less the decisions which strangely seem to consider that to be the rule regardless of fraud. This latter never was the law. But at all events such decisions are no longer applicable since the adoption of our statute giving the attorney a lien on the cause of action itself, for the attorney no longer needs a judgment in the action to give him a lien. It was only in order that he might get a lien that he was formerly allowed to enter judgment.

In respect of the objection of the defendant that it is entitled to a jury trial to fix the compensation plaintiff's attorney is entitled to, it is enough to say that the enforcement of his lien is an equitable proceeding and there is no right to a jury in equity except by statute.

The motion for reargument is denied with $10 costs.