No. 8598.

GOODING ET AL. *v*. LYON.

1. ATTORNEY'S LIEN—*Statute Construed.* The statute allowing the attorney's lien (Rev. Stat., sec. 242) is not to be so construed as to prohibit the client from abandoning his claim, or adjusting the controversy with his adversary, acting in good faith, and with no intention of defeating the lien of the attorney.

When the plaintiff merely abandons his claim, receiving nothing, the cause of action merges in the settlement, and nothing is left to which the lien can attach.

2. *Pleading—Burden of Proof.* The attorney claiming a lien must set forth every fact essential to its existence, and has the burden of showing that he comes within the statute.

3. *Rights of the Client.* The client, acting in good faith, has the right to adjust and settle the controversy without the knowledge and consent of the attorney. An adjustment for the mere purpose of ending the litigation is praiseworthy, and to be encouraged.

*Error to Routt District Court, Hon. John T. Shumate,*
*Judge.*

Mr. A. M. GOODING, Mr. ARTHUR L. WESSELS, *Pro se,*
and Mr. A. M. GOODING, JR., for plaintiffs in error.

Mr. EDWARD C. STIMSON and Mr. PAGE M. BRERETON,
for defendant in error.

Mr. Justice Allen delivered the opinion of the court:

THIS case is an outgrowth of *Lane v. Lyon,* 57 Colo. 167,
140 Pac. 198.  The opinion of this court in that case re-
cites the following facts:

"Lane and Lyon entered into a written contract for the
trade and sale of certain real estate and personal prop-
erty.  Afterwards Lane commenced an action against
Lyon to enforce the specific performance of this contract,
and for damages and other relief.  Gooding and Wessels
were Lane's attorneys, and had a written agreement with
him whereby they were to receive a contingent fee of two
thousand dollars on the termination of the cause in his
favor.  It appears that this fee was to be paid by a con-
veyance of the real estate involved.  After the issues were
joined defendant moved for judgment on the pleadings,
which was sustained and the action dismissed.  Plaintiff,
by his counsel, Gooding and Wessels, then sued out a writ
of error from this court, and lodged the record with the
clerk.  After the writ of error was sued out Lane and
Lyon, without the knowledge or consent of Gooding and
Wessels, settled the controversy and filed a written re-
quest that the action be dismissed at the cost of plaintiff."

The above case in this court was dismissed in accord-
ance with the written request of Lane and Lyon, the re-
spective parties in the action.

Afterwards and on January 5, 1914 Gooding and Wes-
sels filed in the District Court, in the same case, a petition
against Lane and Lyon.  So far as Lyon, now defendant
in error, is concerned, this is a proceeding brought by
Gooding and Wessels, plaintiffs in error and petitioners

below, to enforce, against Lyon, an attorney's charging lien.

Upon a trial to the court in this proceeding a judgment was rendered in favor of Lyon. To review this judgment, the petitioners, Gooding and Wessels, have sued out a writ of error.

The attorney's charging lien is claimed by Gooding and Wessels under the provisions of section 242, R. S. 1908, section 293 Mills Ann. Sts. 1912. This statute provides:

"All attorneys and counsellors at law, shall have a lien on any money, property, choses in action, or claims and demands in their hands, and on any judgment they may have obtained, or assisted in obtaining, in whole or in part, and on any and all claims and demands in suit, for any fees or balance of fees, due or to become due from any client."

It is evident, of course, that there never was any judgment in favor of Lane in connection with this case, and therefore there was no judgment to which the attorneys' charging lien of Gooding and Wessels could attach. The theory of plaintiffs in error appears to be that they have or had a lien on the "cause of action" in favor of Lane. The judgment of the District Court, however, which was in favor of Lyon in the case of *Lane v. Lyon* amounted to an adjudication that there was no "cause of action" or claim and demand against Lyon. If that judgment concluded Lane's attorneys, then they are in no position to claim that there ever was a cause of action in favor of Lane to which their lien could attach. It is not necessary, however, to pass upon the proposition just mentioned.

The proof in this case fails to disclose that Lyon paid anything to Lane as and for a claim or demand existing in Lane's favor. There is no evidence that, at the time of the settlement, either Lane or Lyon believed or assumed that there was in existence a cause of action in Lane's favor. The case at bar was tried in the absence of Lyon and his witnesses. There was some reference in the testimony of petitioners, Gooding and Wessels, to the settle-

ment made by and between Lane and Lyon, and to the stipulation entered into between them, but not to the terms of the settlement. The only stipulation appearing in the record is that which is set forth in Lyon's answer. According to that stipulaion, Lane and Lyon simply agreed to have the action dismissed, and adjusted the costs and expenses between them, neither paying anything to the other in consideration of the dismissal. It appears to be assumed in the argument on both sides that this stipulation sets forth all the terms of the settlement, and it therefore seems conceded that Lyon paid Lane nothing in consideration of the settlement. It is contended, however, by Gooding and Wessels that the stipulation was entered into for the purpose of cheating and defrauding Gooding and Wessels out of their compensation due from Lane. The evidence does not sustain this contention. The proof fails to establish that Lyon did anything, at any time, with the intention of defeating any claim of Gooding and Wessels, or that the settlement between Lane and Lyon was fraudulent and collusive.

There is no question but that Lane had the right to discontinue the litigation. *Mesa County Nat'l Bank v. Berry,* 24 Colo. App. 487, 491, 135 Pac. 129. He also had the right to settle the case without the knowledge or consent of his attorneys. Honest settlements by parties, made with no intention to take advantage of their attorneys, but for the simple purpose of ending the litigation, are praiseworthy and should be encouraged. 6 *Corpus Juris,* p. 788, sec. 402. The law encourages settlements and does not permit attorney's liens to stand in the way of them. *Burpee v. Townsend,* 29 Misc. Rep. 681, 61 N. Y. Supp. 467.

Under the facts of this case we can adopt the language of the opinion in the case of *Rowe v. Fogle,* 88 Ky. 105, 10 S. W. 426, 2 L. R. A. 708, as follows:

"Suppose that the plaintiff regards his claim as worthless, and proposes to withdraw it from the attorney or to dismiss it after suit has been instituted, is the statute giv-

ing the lien to be so construed as to prevent an abandonment of the claim, if done in good faith, and not with a view of defeating the lien? Such a construction would result in useless litigation, and compel the payment by the defendant to the attorney of the plaintiff of his fee, or to submit to a litigation upon the alleged cause of action, when both parties plaintiff and defendant agree that no recovery can be had.

"Where the defendant has paid, or agreed to pay, the plaintiff for withdrawing the suit, or the claimant receives a consideration for forbearing to sue when the claim is in the hands of the attorney, and is known to defendant, the rule would be different.    *    *    *

"In this case both parties plaintiff and defendant agreed that the action in which the lien is asserted should be dismissed, each party paying his own costs. Nothing was recovered by the defendant from the plaintiff, and no recovery had by the latter, and there is nothing in the record showing that the object to be accomplished was to defeat the claim of the attorneys for their services."

To the same effect is the case of *Schriever v. Brooklyn Heights R. Co.*, 30 Misc. 145, 61 N. Y. Supp. 890, where the court said:

"The cause of action merges in the settlement. There is then no cause of action left for the attorney's lien to attach to. His lien is determined by the settlement. The amount agreed to be paid in settlement is then all that his lien covers. If nothing is paid in settlement his lien is gone."

In a proceeding to enforce an attorney's charging lien every fact essential to the existence thereof must be stated in the pleading. 6 C. J. 802, sec. 423. The burden of proof is on the plaintiff to show that he comes within the lien statute by establishing the facts alleged in his complaint or petition. 6 C. J. 803, sec. 424. There is no showing in the record that the trial court did not consider the pleadings and proof in rendering its judgment, and it will therefore be presumed that the pleadings and proof

were properly considered, and there being no showing to the contrary, it is presumed that the dismissal was based upon some good and sufficient ground. 4 C. J. 762, sec. 2706. There is insufficient evidence in this case to attach any liability upon Lyon, and under the evidence in the record the court was right in rendering judgment in Lyon's favor.

This opinion is in accord with the opinion of this court in the case of *Nichols v. Orr, et al.*, No. 8631.

The judgment is affirmed.

*Affirmed.*

Decision *en banc*.