## Rawlings v. Louisville & Nashville Railroad Company.

(Decided October 15, 1918.)

### Appeal from Harlan Circuit Court.

Attorney and Client—Lien.—Where plaintiff in an action for personal injuries employed an attorney on a contingent fee and then discharged him and employed other attorneys to bring suit who recovered a judgment for $4,000.00, which was reversed, and then compromised the case for $3,000.00, which was paid to them by the defendant, the attorney first employed was not entitled to lien on the amount of the compromise, either for his contract fee or for the reasonable value of his services prior to his discharge, his claim, if any, being against his client.

G. G. RAWLINGS for appellant.

WILLIAM LOW and G. J. LEWIS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

G. G. Rawlings intervened in the suit of Henry Hall v. Louisville & Nashville Railroad Company for the purpose of asserting a lien for an attorney's fee under an alleged contract between him and Hall, whereby he was to receive a fee equal to 25% of the amount recovered by Hall. At the conclusion of the evidence the trial court directed a verdict in favor of the Louisville & Nashville Railroad Company, and Rawlings appeals.

The facts developed by the evidence are as follows: Hall, who was a section hand in the employ of the railroad company, was thrown from a hand car and severely injured. Rawlings met Hall at the railroad station in Harlan and told him he would like to have the case. He also says that he prepared a written contract whereby he was to have a fee equal to 25% of any sum which might be recovered by suit or otherwise. The contract was executed by him and Hall and delivered to Hall. The contract was lost and could not be produced at the trial.

Upon the execution of the contract Rawlings notified the company's claim agent that he had the claim in his hands for settlement. He also investigated the authorities bearing on the case. In about a week or ten days he received notice from Hall stating that his services were not desired. Thereupon Brock & Brock filed suit against the company.

The verdict on the first trial was set aside by the court. The second trial resulted in a verdict and judgment for $4,000.00, but the judgment was reversed on appeal. Hall's claim was then compromised for $3,000.00, which was paid to his attorneys, Brock & Brock. After the suit was brought Rawlings signed his name to the petition without authority from Hall or the Messrs. Brock. However, he performed no services in connection with the case.

It is argued on behalf of Rawlings that as the claim was put in his hands for collection and the railroad company was apprised of this fact, he is entitled to a lien either for the amount of his contract fee or for the reasonable value of the services which he performed prior to his discharge. It must be remembered, however, that this is not a case where the defendant in making the settlement acted in bad faith. The compromise was made with Messrs. Brock & Brock, who brought the suit and conducted the litigation not only in a circuit court but in this court. Though it be true that Rawlings was first employed by Hall, he, himself, admits that he was discharged before the suit in question was brought by the Messrs. Brock. Of course, the unauthorized signing of his name to the petition did not have the effect of making him an attorney of record or add to his rights in any way. As a matter of fact, he was not recognized as one of the attorneys in the case either by Hall or the Messrs. Brock, and performed no services whatever in connection with the litigation, which lasted about four years. Under these circumstances, he is not entitled to a lien on the amount paid in good faith to Messrs. Brock & Brock in settlement of the suit and the railroad company is not liable either for his contract fee or the reasonable value of his services performed prior to his discharge. Whatever claim he has is against Hall and not against the railroad company. Harbison-Walker Refractories Co. v. McFarland's Admr., 156 Ky. 44, 160 S. W. 798; Henry v. Vance, 111 Ky. 81, 63 S. W. 273, 23 Ky. Law Reporter 491; Goodlin v. Hays, 88 S. W. 1101, 28 Ky. Law Rep. 112; Rowe's Exr. v. Fogle, 88 Ky. 106, 10 S. W. 426, 10 Ky. Law Rep. 689, 2 L. R. A. 708. It follows that the trial court did not err in directing a verdict in favor of the railroad company.

Judgment affirmed.