J. COOKMAN BOYD *vs.* J. FRANK JOHNSON.

*Compensation of Attorney—Dismissal of Case by Client—Contingent Fee—Common Counts.*

A client, if acting in good faith, may, at any time before judgment, compromise, settle or dismiss his cause of action, without his attorney's intervention, knowledge or consent. p. 389

An attorney employed to conduct a caveat proceeding, under a contract giving him a named portion of the estate coming to

his client in case of the success of the proceeding, is entitled, after the dismissal of the caveat by the client, so far as he is concerned, not to the agreed contingent fee, but to a reasonable compensation for the services actually rendered by him.  p. 389

One may recover under the common counts for the work actually performed by him under an express contract, if the cther party thereto puts an end to the contract or prevents complete performance thereof.  p. 390

*Decided April 9th, 1924.*

Appeal from the Superior Court of Baltimore City (Gor-ter, C. J.).

Action by J. Cookman Boyd against J. Frank Johnson. From a judgment for plaintiff for part of his claim he appeals. Affirmed.

The cause was argued before Boyd, C. J., Thomas, Pattison, Urner, Adkins, Offutt, and Digges, JJ.

*Emil Budnitz,* with whom was *J. Cookman Boyd* on the brief, for the appellant.

*Charles Jackson* and *Arthur R. Padgett,* submitting on brief, for the appellee.

Pattison, J., delivered the opinion of the Court.

The suit in this case was brought by the appellant against the appellee upon a written contract, signed by the appellee and others, which is as follows:

"We, Marion M. Johnson, John F. Johnson and Myrtle Smith, being the children and granddaughter of Elijah Johnson, deceased, do hereby employ J. Cookman Boyd, Esquire, to act as our attorney for the purpose of filing a caveat to the will of the said Elijah H. Johnson, deceased, and of prosecuting the same to a conclusion, either by trial in court or by settlement made by him with our approval, and we do hereby

agree to give him one-fourth of whatever amount may be recovered out of the estate of the said Elijah H. Johnson whether the same be as a result of suit or compromise.

"As witness our hands this 21st day of June, nineteen hundred and twenty.

"J. Frank Johnson.
"Marian M. Johnson.
"Myrtle M. Smith.

"Geo. I. Young."

On the 22nd day of June, 1920, the appellant filed the caveat mentioned in the contract, and, as stated by him in his testimony, the appellee on several occasions thereafter visited his office to give him information which he thought would be useful in the prosecution of the caveat; but, after a short time, the appellee reached the conclusion that he did not wish to proceed further with the caveat, so far as he was concerned, and asked the appellant to have his name stricken from the proceedings as a party thereto. This was not done, however, and later, some time in August, as stated by the appellant, the appellee wrote to him to the same effect. On September the 6th, no action having been taken by the appellant upon the request of the appellee, Messrs. Haman, Cook, Chesnut and Markell wrote the appellant, saying:

"We write on behalf of J. F. Johnson, a son, and Marion Johnson, a daughter, of Elijah H. Johnson.

"These clients advise us that they wish the caveat proceedings in the orphans' court in the above estate dismissed so far as they are concerned. We understand from them that while they originally were persuaded, or decided, to join in the proceedings, subsequent reflection has led them to the conclusion that their action in the first place was impulsive and their deliberate judgment is that they do not wish to proceed with the case as parties to the caveat.

"They further tell us that they have had some talks with you along this line which apparently have not yet resulted in a dismissal of the proceedings so far as they are concerned.

"They have now directed and instructed us to have the case dismissed so far as they are parties thereto. We presume that you would prefer to do this, as we believe you filed the caveat for them in the first place. They have given us instructions in writing in the matter so that we have no option except to call the matter to your attention and ask that their wishes be carried out.

"We may add that we knew nothing of the matter in any way until they called upon us and asked us to take this action for them. If you would like to see their written instructions to us for the dismissal of this caveat case, so far as they are concerned, we shall be very happy to bring them to your office and show them to you. Of course, we shall be very glad to confer with you about the matter if you should wish to see us, but we do not understand that we have any discretion as to the dismissal of the case.

"May we ask a reply at your early convenience advising us that you have filed the order of dismissal, as otherwise we ourselves shall have to file it.

"Yours very truly,
"Haman, Cook, Chesnut & Markell."

It would seem from the record that nothing was heard from the appellant in response to this letter, and on September 14th thereafter the appellee, by letter, directed Messrs. Haman, Cook, Chesnut and Markell to file an order dismissing the caveat so far as he was concerned, and the following order was filed by them on September 27th:

"Mr. Clerk: Please enter the above entitled caveat proceeding dismissed so far as John F. Johnson is concerned as one of the caveators.

"(Signed) Haman, Cook, Chesnut & Markell, attorneys for John F. Johnson."

The caveat, however, not having been dismissed by all the caveators, the case thereunder proceeded to trial and the will was set aside. Thereafter this suit, brought upon the aforesaid contract and tried by the court without a jury, resulted

in a verdict for the appellant for the sum of one thousand two hundred and fifty dollars, upon which a judgment was entered for that sum, and the plaintiff has appealed therefrom.

There are but two exceptions found in the record; one, to the court's refusal to grant the prayer offered by the plaintiff, and the other, as we understand it, to the statement of the court, made in delivering its opinion, "that it found the measure of damages to be the value of the services rendered by the plaintiff up until the revocation of the contract made by the defendant."

The great weight of authority sustains the right of a client at any time before judgment, if, acting in good faith, to compromise, settle or dismiss his cause of action without his attorney's intervention, knowledge or consent. The attorney in such case, under mere contract of employment, acquires no vested interest in the suit, and his authority is revocable at the will of the client. 2 *R. C. L.* 80; *Cameron* v. *Boeger,* 200 Ill. 84; *Hanna* v. *Island Coal Co.,* 5 Ind. App. 163; *Rowe* v. *Fogle,* 88 Ky. 105; *Boogren* v. *St. Paul City R. Co.,* 97 Minn. 51, and other cases cited in note 2 *R. C. L.* page 1000.

The effect of the plaintiff's prayer, which was rejected, is that as he was prevented from serving the defendant because of the latter's act in dismissing the caveat so far as he was concerned, he was entitled to one-fourth of the estate coming to him as the result of setting aside the will. This prayer, we think, erroneously states the law of the case as to the measurement of damages.

In *Western Union Tel. Co.* v. *Semmes,* 73 Md. 9, a case very similar to the one before us, the court said:

"Undoubtedly this defendant had the right to settle its suit whenever it saw fit; it has not been contended that it was obliged to carry on the litigation for the benefit of its counsel. And yet it must fulfill all the responsibilities arising from its contract with them. * * * They (the plaintiffs) had entered into a contract for services; in the prosecution

of this contract they had performed work and labor, and were ready to carry it out to the end, when by the act of the other party, they were prevented from proceeding. We think that the law on this point is settled. In *Rodemer* v. *Hazlehurst & Co.,* 9 Gill, 294, the Court, quoting from *Smith's Leading Cases,* said: 'Where there is a special contract and the plaintiff has performed a part of it according to its terms, and has been prevented by the act or consent of the defendant from performing the residue, he may in general assumpsit recover for the work actually performed, and the defendant cannot set up the special contract to defeat him.' To the like effect is *Bull* v. *Schuberth,* 2 Md. 57, where it is said: 'If the special agreement has been put an end to by the defendant, or the performance of it on the part of the plaintiff prevented by some act of the defendant; in all such cases the plaintiff may resort to, and recover under the common counts, for whatever may be due for so much of the contract as may have been performed.' These cases are supported by a vast amount of authority, and they announce a doctrine eminently just and reasonable. The court below ruled that the plaintiffs were entitled to a reasonable compensation for the work and labor actually done by them; but that they were not entitled to the contingent compensation. Without reciting the prayers on the opposite sides, it is sufficient for us to say that this ruling disposed of the case with justice to both parties."

The court, in our opinion, correctly ruled upon the prayer and the exception which followed, and we will therefore affirm the judgment appealed from.

*Judgment affirmed, with costs.*