No. 15,590.

BOARD OF COMMISSIONERS OF JEFFERSON COUNTY ET AL. *v.*
QUAINTANCE.
(183 P. [2d] 569)

Decided June 23, 1947. Rehearing denied July 14, 1947.

Mr. EMORY L. O'CONNELL, Mr. J. E. McCALL, for plaintiff in error.

Mr. E. B. EVANS, for defendant in error.

*In Department.*

MR. JUSTICE HAYS delivered the opinion of the court.

THE county commissioners of Jefferson county filed a petition in the district court of that county to acquire by right of eminent domain a strip of land for highway purposes pursuant to the provisions of chapter 61, '35 C.S.A. Parcel number 1 therein was allegedly owned by re-

spondents Matilda Ramstetter, Alice C. Ramstetter, and Ernest A. Ramstetter as administrator of the estate of Henry Ramstetter, deceased, subject to a sheriff's certificate of purchase held by Otto Fredericks, and a deed of trust held by the Central Savings Bank and Trust Company.

June 20, 1940, the date upon which said petition was reached for hearing, the Ramstetters, through A. D. Quaintance, their attorney, filed with the clerk of the court a demand for jury trial to determine the compensation for the land to be taken, and damages, if any, to the residue thereof. Nothing further was done in said proceedings until November 26, 1941, when notice of attorney's lien was filed by Quaintance with the clerk of the court. Later, and on or about December 29, 1941, a settlement was reached between the county and respondents whereby the latter agreed to accept the sum of $925.81 in full satisfaction and settlement of their respective claims against the county, for compensation and damages, and to execute a quitclaim deed to the county for the strip sought to be acquired in the condemnation proceeding. A county warrant was thereupon issued December 29, 1941, payable to respondents in the above amount, which was endorsed by the payees and presented to, and cashed by, the county treasurer March 21, 1942.

· Thereafter, on October 8, 1943, Quaintance filed in the condemnation proceedings his petition for judgment on his lien claim in which he alleged: A contract for services; the filing of the notice of said lien; the settlement between the county and respondents, which was made by his clients in his absence and without regard to his lien; and prayed judgment for $220.00, being one-third of the amount paid respondents minus certain sums allegedly received on account of said attorney fees. Upon trial, judgment was entered for Quaintance and against the county in sum of $220.00, to reverse which the commissioners bring the cause here by writ of error.

Inasmuch as the judgment must be reversed, we shall consider and pass upon but one specification, to wit: "The evidence is insufficient to establish the alleged contract upon which the claim of defendant in error is based."

Quaintance, to whom we hereinafter refer as petitioner, specifically alleged that he entered into a contract with Ramstetters, hereinafter designated as respondents, wherein he agreed to represent them as their attorney in the condemnation proceedings, and respondents agreed to pay him for such services "an amount equal to one-third ($\frac{1}{3}$) of the amount of the consideration for the right-of-way through the Ramstetter place."

Upon the hearing on said petition for judgment, only four witnesses were called by the petitioner: William T. Olsen, county clerk and recorder who identified certain records of his office concerning the settlement between the Ramstetters and the county, and the issuance of the county's warrant in payment of said settlement and the execution of a quitclaim deed to the county for the strip of land for highway purposes; G. B. Hawley, the clerk of the county court of Jefferson county testified that petitioner was attorney of record in the Henry Ramstetter estate; Charles Pike, deputy clerk of the district court testified that petitioner was the attorney of record for Otto Ramstetter in a forcible entry and detainer proceeding filed in the district court wherein the Central Savings Bank and Trust Company was plaintiff and Otto Ramstetter was the defendant; the fourth and last witness called by petitioner for cross-examination under the statute, in support of his petition, was Ernest Ramstetter who is administrator of the estate of Henry Ramstetter, deceased, and as such, is defendant in this proceeding and one of the parties with whom petitioner asserts he had a contract which resulted in the attorney's lien involved herein. The only questions propounded to Ernest Ramstetter by Quaintance were:

"Q. State your name;" and "How long has it been since you filed anything in the county court in the estate of Henry Ramstetter, Sr.?"

Neither the witness Olsen, county clerk and recorder, Hawley, the clerk of the county court, Pike, the deputy clerk of the district court, nor Ramstetter, the administrator, was interrogated concerning the alleged contract between petitioner and respondents. It is obvious that neither of the first three witnesses had any knowledge whatsoever concerning such a contract, and the only witness called who could have known anything at all about it was the last above-mentioned witness, Ernest Ramstetter. The reason he was not asked whether he had entered into the alleged contract is apparent from the record. He had therefore filed an answer to the petition expressly denying that he had ever entered into a contract with Quaintance for legal services or that he had ever agreed to pay him one-third of the amount recovered. We are unable to find a word of evidence in the record which shows, or tends to show, that a contract of any kind was entered into between the petitioner and the respondents.

■ ■ The burden of proof was on petitioner "to show that he comes within the lien statute by establishing the facts alleged in his * * * petition." *Gooding v. Lyon,* 63 Colo. 328, 166 Pac. 564. Since petitioner alleged that his lien was predicated upon a contract, and he failed to prove any contract, his lien must fail.

The judgment is therefore reversed and the cause remanded with instructions to dismiss petition.

Mr. Chief Justice Burke and Mr. Justice Stone Concur.