516 P.2d 654 (1973)
Donald SEITZ, Plaintiff,
v.
Shirlee SEITZ, Defendant-Appellee,
William Pehr, Appellant.
No. 72-424.
Colorado Court of Appeals, Div. I.
December 4, 1973.
*655 Paul Q. Beacom, Westminster, for defendant-appellee.
William Pehr, pro se.
Perry Fox, Westminster, for appellant.
Selected for Official Publication.
COYTE, Judge.
Appellant, William Pehr, served as plaintiff's attorney in a divorce action. Temporary orders were in effect when defendant filed a motion seeking a contempt citation against plaintiff and a motion to reduce child support arrearages to judgment. Appellant then filed a motion to withdraw as plaintiff's attorney and also filed notice of attorney's lien. At the hearing on defendant's two motions, the court found plaintiff to be in contempt of court and entered judgment for the amount of the arrearages.
After the court ordered that judgment be entered for the arrearages, defendant's attorney moved that the attorney's lien be quashed so that defendant's judgment would not be affected by the attorney's lien. Appellant contended that the trial court had no authority in the matter and that he was entitled to levy on plaintiff's interest in the house which was jointly owned by the parties. After argument on the matter, the court entered, as part of its judgment, the following:
"That judgment be entered in this matter prior in right to any claim William Pehr, Attorney for the Plaintiff, may have and it is further ordered that William Pehr be restrained from levying or in any way encumbering the family residence of defendant which is currently in the name of Plaintiff and the Defendant."
William Pehr then filed notice of appeal and the matter is before us on the question of whether the court properly could enter a judgment at this stage of the proceedings affecting the lien rights of attorney Pehr. We hold the judgment must be set aside.
The notice of lien had been filed, but no action had been taken to have a determination made as to the nature or extent of appellant's rights under the lien statement. Referring to attorneys' liens, C.R.S.1963, 12-1-10, provides that, "Such lien may be enforced by the proper civil action." One procedure for establishing and enforcing an attorney's lien appears in Board of Commissioners v. Quaintance, 116 Colo. 544, 183 P.2d 569. There the question as to an attorney's right to a lien was brought to issue by the attorney filing a petition for judgment on his lien claim in the original action wherein the alleged services were performed. In the instant case, appellant has made no effort to have a judicial determination made as to the nature or extent of his lien. At the time the court entered its order, appellant was appearing for the purpose of seeking permission to withdraw as plaintiff's attorney.
At this stage of the proceedings, attorney Pehr has filed his lien statement, but whether it is valid, whether there are fees due appellant, and whether there is any property that he can reach by reason of the lien, are all questions that must be determined by the trial court on proper motion and notice. Absent notice to all parties involved, the court erred in entering *656 orders affecting the lien rights of attorney Pehr.
Accordingly, that portion of the judgment pertaining to the lien rights of attorney Pehr is set aside.
SILVERSTEIN, C. J., and RULAND, J., concur.