No. C-902

**Robert L. Gee v. Brigita Crabtree v. Cecil I. Crabtree**

(560 P.2d 835)

Decided March 7, 1977.

Robert L. Gee, for petitioner-appellant.

Donald L. Brundage, P.C., Dennis H. Gunther, for respondent-appellee.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

We granted certiorari to review the Colorado statute on attorneys' liens. Section 12-5-119, C.R.S. 1973. The court of appeals, by a divided vote, held that the only means by which an attorney can enforce the statutory charging lien is by an independent civil action. *In Re Marriage of Crabtree*, 37 Colo. App. 149, 546 P.2d 505 (1975). We disagree.

Robert L. Gee, an attorney, represented Cecil I. Crabtree in a proceeding for the dissolution of marriage. At the conclusion of the dissolution proceeding, Gee filed a notice of attorney's lien to obtain compensation for his legal services. Subsequently, Gee filed a motion to obtain an order and judgment for his attorney's fees. The trial judge denied the motion, basing his decision on the court's lack of jurisdiction to enforce an attorney's lien as part of the dissolution proceeding.

Section 12-5-119, C.R.S. 1973 provides:

"All attorneys and counselors-at-law shall have a lien on any money, property, choses in action, or claims and demands in their hands, on any judgment they may have obtained or assisted in obtaining, in whole or in part, and on any and all claims and demands in suit for any fees or balance of fees due or to become due from any client. In the case of demands in suit and in the case of judgments obtained in whole or in part by any attorney, such attorney may file, with the clerk of the court wherein such cause is pending, notice of his claim as lienor, setting forth specifically the agreement of compensation between such attorney and his client, which notice, duly entered of record, shall be notice to all persons and to all parties, including the judgment creditor, to all persons in the case against whom a demand exists, and to all persons claiming by, through, or under

any person having a demand in suit or having obtained a judgment that the attorney whose appearance is thus entered has a first lien on such demand in suit or on such judgment for the amount of his fees. Such notice of lien shall not be presented in any manner to the jury in the case in which the same is filed. Such lien may be enforced by the proper civil action."

The statutory lien rights which are granted to an attorney are such that an independent action can be the basis for enforcing the lien, but it is also clear that it is proper to assert the lien in the action in which the attorney performed the services. *Collins v. Thuringer*, 92 Colo. 433, 21 P.2d 709 (1933); *Dankwardt v. Kermode*, 68 Colo. 225, 187 P. 519 (1920); *Clark v. O'Donnell*, 68 Colo. 279, 187 P. 534 (1920).

Some precedent which was created prior to the merger of law and equity dictated that an independent suit in equity was a proper civil action for the enforcement of an attorney's lien. *Fillmore v. Wells*, 10 Colo. 228, 15 P. 343 (1887). Later cases, however, recognized that an independent civil action could be brought to protect an attorney's charging lien which is a creature of statute. *See Donaldson, Hoffman & Goldstein v. Gaudio*, 260 F.2d 333 (10th Cir. 1958).

To restrict the means of enforcement of an attorney's lien *solely* to independent civil actions would be a waste of judicial time, as well as contrary to the legislative intent reflected by the statutory language. The trial judge who heard the proceedings which gave rise to the lien is in a position to determine whether the amount asserted as a lien is proper and can determine the means for the enforcement of the lien. The procedure followed by Gee is wholly consistent with our decision in *Board of County Commissioners v. Quaintance*, 116 Colo. 544, 183 P.2d 569 (1947). *See also Seitz v. Seitz*, 33 Colo.App. 180, 516 P.2d 654 (1973).

In our view, the attorney's charging lien may not only be asserted, but may be enforced, in the civil action which gave rise to the lien claim, or, in the alternative, in an independent action. Both are "proper civil actions" within the meaning of the statute.

We note also that opposing counsel, in an effort to defeat the lien in this case, misled the court. Such conduct should be reviewed by the trial court on remand to determine whether counsel's action warrants consideration by the grievance committee of this court.

Accordingly, the opinion of the court of appeals is reversed and the case is remanded to the court of appeals with directions to remand to the trial court for further proceedings not inconsistent with this opinion.

MR. JUSTICE KELLEY does not participate.