In re the MARRIAGE OF Barbara Jean STEWART, Appellee,

and

Edward J. Stewart.

Appeal of MILO N. GONSER & ASSOCIATES, P.C., A Colorado Professional Corporation.

Anthony Bollig and Rose L. Bollig,

Plaintiffs-Appellees,

v.

Edward J. Stewart,

Defendant-Appellee,

and

Barbara J. Stewart, a/k/a Barbara Jean Stewart,

Defendants and Third-Party Plaintiff-Appellee,

and

Milo N. Gonser & Associates, P.C., a Colorado Professional Corporation,

Defendant-Appellant,

v.

Lillian M. Jent and W.S.C.,

Third-Party Defendants-Appellees.

Nos. 80CA0847, 80CA1055.

Colorado Court of Appeals, Div. II.

June 4, 1981.

Stern, Newton & Peters, Ronald S. Stern, Granby, for Barbara Jean Stewart.

Milo N. Gonser & Associates, P.C., C. Harrison Mootz, Lakewood, for Milo N. Gonser & Associates, P.C.

No appearance for Anthony Bollig and Rose L. Bollig.

No appearance for Edward J. Stewart.

No appearance for Lillian M. Jent and W.S.C.

TURSI, Judge.

Milo N. Gonser & Associates, P.C., appeals from an order of the trial court re-

fusing to impress an attorney's lien upon real property awarded to the wife in a dissolution proceeding and further subordinating the lien upon the husband's monetary award to a set-off for child support payments. We affirm.

On November 6, 1979, the marriage of Barbara J. (wife) and Edward J. (husband) Stewart was dissolved. The husband was represented by appellant herein. Custody of the parties' three children was awarded to the wife, and the husband was ordered to pay $300 per month in child support. The trial court specifically found that the wife and children had been living at the family business, a bar & grill, and concluded, on the basis of criteria set forth in § 14–10–113, C.R.S. 1973, that it was in the best interests of the children to award the business and adjoining living quarters to the wife. The income from the business was also awarded to the wife. The trial court determined the husband's fair share of the business amounted to $18,500 and ordered that the wife pay him this amount at the rate of $300 per month, conditioned upon his meeting his child support obligation. The trial court ruled that if the husband failed to make a monthly payment, the wife would be allowed to offset her equity payment against the support payment. To date, the husband has not made any support payments, and the wife has offset her obligation as described. After the ordered division of property, appellant filed an attorney's lien upon the bar & grill for services rendered to the husband.

Appellant contends that it should be allowed to enforce its attorney's lien in the dissolution action. We agree. *Gee v. Crabtree*, 192 Colo. 550, 560 P.2d 835 (1977).

However, an attorney's lien upon an award to his client cannot exceed the award. Section 12–5–119, C.R.S. 1973 (1978 Repl.Vol. 5).

Here, the trial court refused to impress an attorney's lien on the real property because it belonged to the wife, it having been set aside to her in the dissolution proceeding. The husband's award was limited to his right to collect $300 per month from the wife for his share of the equity, subject to her right to offset unpaid child support payments. The husband was divested of his interest in the real property as of November 6, 1979. The trial court gave appellant all that it was entitled to when it ordered the wife to make the monthly equity payment directly to appellant in the event the husband met his child support obligation.

Appellant also appeals from an order of the trial court in a companion case dismissing him from a foreclosure action against the bar & grill on the ground that he had no interest in the real property. Because we agree with the trial court that appellant's attorney's lien did not attach to the real property in question, that order is also affirmed.

Orders affirmed.

PIERCE and STERNBERG, JJ., concur.