### In re MARRIAGE OF Cate ROSENBERG, Appellant,

and

### Howard Rosenberg,

and concerning,

### Plaut and Lipstein, P.C., Appellee.

### No. 83CA1038.

Colorado Court of Appeals, Div. IV.

Aug. 16, 1984.

Rehearing Denied Sept. 13, 1984.

Merle R. Knous, Denver, for appellant. No appearance for appellee.

ENOCH, Chief Judge.

Cate Rosenberg appeals the entry of judgment on a motion for judgment on an attorney's lien in favor of Plaut & Lipstein, P.C., a law firm. We affirm in part and reverse in part.

The firm represented appellant in the dissolution of marriage action. After a dispute arose over the firm's final billing for services, the firm filed a motion for judgment on an attorney's lien pursuant to the charging lien statute, § 12–5–119, C.R.S. After trial to the court, the court entered judgment for the amount claimed by the firm after certain adjustments were made, and awarded it an attorney's lien.

Appellant first contends that the court erred in denying her request for a jury trial. We disagree.

In determining whether an action should be tried to a jury, it is the complaint which fixes the nature of the suit, *Miller v. Carnation Co.*, 33 Colo.App. 62, 516 P.2d 661 (1973). A proceeding initiated to establish an attorney's lien, as in this case, is equitable in nature, *Fillmore v. Wells*, 10 Colo. 228, 15 P. 343 (1887), and there is no

right to a jury trial in such actions. *Miller v. District Court*, 154 Colo. 125, 388 P.2d 763 (1964). Appellant's counterclaim for breach of contract did not change the nature of the action. *See In re Trust of Malone*, 658 P.2d 284 (Colo.App.1982). Therefore, the court did not err in denying the jury request.

We also disagree with appellant's contention that the court denied her right to assert her counterclaim.

At the beginning of the hearing, the court did indicate that it would not hear the counterclaim. However, towards the end of the hearing, it agreed to hear the claim. Appellant declined to present any evidence at that time and did not seek a continuance. Therefore, there was no error by the court.

■ Contrary to appellant's contentions, we find no error in the court's enforcement of the fee agreement, and the evidence does support the court's finding of reasonableness of the fees awarded.

However, we do agree with appellant's contention that the court erred in granting an attorney's lien.

When appellant received a letter from attorney Plaut which was in the nature of a fee contract for services to be performed, she expressly deleted the following:

"To secure payment of past due fees, costs and late charges, to which no written objection has been made within the 30-day period referred to above, you hereby grant us a lien against all assets owned by you, and agree that we may proceed to obtain or perfect and record such lien without notice to you."

At the hearing on the motion, Plaut testified that: "Well, when she deleted [the above paragraph] and I undertook a representation, it seems to me that I certainly no longer have the right to assert a lien on assets owned by her, as I originally expected to do when I sent her the fee agreement."

■ No attorney's lien exists apart from statute. *In re Marriage of Crabtree*, 37 Colo.App. 149, 546 P.2d 505 (1975), *reversed on other grounds, Gee v. Crabtree*, 192 Colo. 550, 560 P.2d 835 (1977); *Fillmore v. Wells, supra*. Our statutes create two types of attorney's liens: a retaining lien and a charging lien. A retaining lien, § 12–5–120, C.R.S., can be asserted against papers of the client in the attorney's possession and on money due the client which is in the hands of an adverse party. On the other hand, a charging lien, § 12–5–119, C.R.S., can be asserted against any money, property, choses in action, or claims and demands in the attorney's hands, on any judgment the attorney may have obtained or assisted in obtaining, in whole or in part, and on any and all claims and demands in suit.

Plaut argued at the hearing that the deleted statement in the letter covered only the more limited retaining lien and that, therefore, the firm had not waived its right to enforce a charging lien under § 12–5–119, C.R.S. The court made no specific findings in this regard, but did grant a lien for the amount of the fees awarded.

■ When evidence consists of a document, its effect is a matter of law for the reviewing court. *Sentinel Acceptance Corp. v. Colgate*, 162 Colo. 64, 424 P.2d 380 (1967). Here, the language of the letter was not limited to assets in the attorney's possession, but covered all assets owned by defendant. The plain language of the letter not only indicates that the lien was to cover those assets available to the attorney under a retaining lien, but also those assets available under a charging lien. Therefore, we hold that the language deleted from the letter covered not only a retaining lien but also a charging lien.

■ The right to assert an attorney's lien may be waived. *Fillmore, supra*. Here, since the language in the letter covered the charging lien asserted, and it was admitted that the firm had no right to assert any attorney's lien covered by the letter, we hold, as a matter of law, that there was a waiver of the right to assert a charging lien under § 12–5–119, C.R.S. Thus, no lien should have been granted.

We have considered appellant's other contentions and find them to be without merit.

That part of the judgment finding appellant obligated for the attorney's fees is affirmed. That part of the judgment awarding the firm an attorney's lien is reversed.

SMITH and BABCOCK, JJ., concur.