**In re the MARRIAGE OF Karen Lea MANN, and John Milton Mann, Appellee, and concerning Roger E. Stevens, Appellant,**

**and**

**William Litvak, Appellee.**

**No. 83CA1323.**

Colorado Court of Appeals,
Div. I.

Aug. 30, 1984.

Rehearing Denied Sept. 27, 1984.

Certiorari Denied March 11, 1985.

See also 655 P.2d 814.

Roger E. Stevens, pro se.

John Milton Mann, pro se.

William Litvak, Denver, pro se.

STERNBERG, Judge.

The appellant, Roger E. Stevens, was one of several attorneys who represented John Milton Mann, the husband, at various stages of a dissolution of marriage action. The appellee, William Litvak, represented Karen Lea Mann, the wife, throughout the action. The sole issue in this appeal concerns Stevens' contention that the trial court erred in not giving priority to his charging lien for attorney fees over an order for payment of fees to Litvak. We agree and therefore reverse the order.

On December 10, 1979, prior to Stevens' appearance in the case, the court entered a decree of dissolution and permanent orders, *nunc pro tunc* November 29, 1979. The husband having filed a petition in bankruptcy, the court awarded the equity in the family home to the wife, subject to the rights of the husband's trustee in bankruptcy. The court ordered that certain creditors listed in the wife's financial affidavit be paid by the husband and, of importance here, that he pay $2,000 to Litvak within 120 days for attorney fees incurred by the wife in the dissolution action.

Thereafter, the husband's bankruptcy petition was withdrawn, and Stevens moved, on behalf of the husband, for a new trial or to alter or amend the judgment. On October 14, 1980, following hearing, the court entered an amended order which granted the husband $17,000 as his share of the equity in the family home.

In this amended order, the husband's interest in the home was made subject to his removal of all federal tax liens on the property. After payment of the liens, the equity interest was to be applied to the debts the court had ordered the husband to pay in the original decree. In addition, the husband was to pay state income taxes for the years 1975 through 1978. The court noted that the amended order did "not change the prior order with regard to [the $2,000 owed Litvak for] attorney fees."

In January 1981, the court awarded the wife an additional $700 in attorney fees for a post-decree matter and, this time, specifically ordered the husband to pay the $700 fee to Litvak out of his interest in the equity in the house. However, the court

ordered Litvak not to execute upon the award at that time because of problems involved in collecting child support owed by the husband. Subsequently, the marital home was sold, and on February 22, 1982, the total net proceeds, $32,598.02, were deposited with the clerk of the district court, pursuant to court order.

On June 24, 1983, the wife filed a motion to disburse these funds from the court registry. On the same day, Stevens filed notice with the district court of intent to claim an attorney's lien for payment of the husband's $6,094.63 attorney fees accrued in obtaining his equity interest, and also filed a motion to enforce the lien.

On July 7, 1983, *nunc pro tunc* June 29, 1983, the court ordered the $32,598.02, plus accrued interest, if any, disbursed to Litvak. He was directed to give the $17,000 equity to the husband. However, the court ordered Litvak to disburse it by paying the husband's debts in priority order. Child support and mortgage payment arrearages were to be paid first then the $2,000 attorney fees awarded Litvak in the original decree, and other enumerated debts were to be paid. Finally, Stevens was to be paid $2,953.14 toward the satisfaction of his $6,094.63 fee.

The court then stated:

"This court enters no order concerning the balances owing to William Litvak and Roger E. Stevens for their attorneys' fees, nor does this court indicate any limitations on the methods and manners, according to law, that each of these attorneys may pursue to collect further amounts owing to them from the respondent."

There being insufficient proceeds to pay the remainder of Stevens' attorney's lien, Stevens moved to stay the portion of the order which distributed $2,000 of the husband's equity interest to Litvak. That motion was denied. On appeal, Stevens contends that the court erred in giving priority to the payment of the wife's attorney fees over his perfected attorney lien. We agree.

■ Colorado recognizes two types of attorney's liens: a charging lien, § 12–5–119, C.R.S. (1978 Repl.Vol. 5), which can be asserted against any money, property, choses in action, or claims and demands in the attorney's hands, on any judgment the attorney may have obtained or assisted in obtaining, in whole or in part, and on any and all claims and demands in suit, and a retaining lien, § 12–5–120, C.R.S. (1978 Repl.Vol. 5), which can be asserted against papers of the client in the attorney's possession and on money due the client which is in the hands of an adverse party. *See In re Marriage of Rosenberg*, 690 P.2d 1293 (Colo.App.1984).

■ An attorney's charging lien may be asserted and enforced in the civil action which gave rise to the lien or, in the alternative, in an independent civil action. *Gee v. Crabtree*, 192 Colo. 550, 560 P.2d 835 (1977). Stevens asserted a charging lien on the remaining proceeds of the judgment he obtained which awarded the husband a $17,000 equity interest in the marital home.

■ On June 24, 1983, Stevens had filed notice of intent to claim an attorney's lien and a motion to enforce the lien. It was not until July 7, 1983, *nunc pro tunc* June 29, 1983, that the court ordered that the $2,000 owed to Litvak by the husband be paid from the proceeds of the $17,000 equity interest. Hence, the charging lien was perfected prior to the court's order that Litvak's $2,000 attorney fee be paid from the fund, and that lien was entitled to priority over the money owed to Litvak.

The order granting priority to the payment of the $2,000 attorney fee to Litvak over the perfected attorney's charging lien of Stevens is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

PIERCE and BABCOCK, JJ., concur.