**In the Matter of the ESTATE OF Mary Elizabeth BENNEY, Deceased.**

**Robert A. CARVELL and Gary S. Link, Appellants,**

**v.**

**The STATE of Colorado, Appellee.**

**No. 86CA0659.**

Colorado Court of Appeals, Div. III.

Oct. 20, 1988.

Rehearing Denied Nov. 17, 1988.

Certiorari Granted (People) March 13, 1989.

Gary S. Link, pro se.

Robert A. Carvell, pro se.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maurice Knaizer, Asst. Atty. Gen., Denver, for appellee.

METZGER, Judge.

Robert Carvell and Gary S. Link (attorneys) seek reversal of the trial court's judgment entered in favor of the State of Colorado. In this probate action concerning the estate of decedent, Mary Elizabeth Benney, the trial court determined that the State's claim for reimbursement of monies expended in a criminal action was superior to the attorneys' claim predicated on their attorneys' lien for work performed in the probate action. We reverse and remand.

Attorneys represented Dan H. Benney, husband of the decedent, in this probate action. On December 5, 1985, they filed a notice of attorneys' lien pursuant to §§ 12-5-119 and 12-5-120, C.R.S. (1985 Repl. Vol. 5), "against any and all monies they have or might obtain, through their assistance, on behalf of Dan H. Benney in the above-captioned action." The following day, the trial court entered an order granting Benney's claim in the probate action for $13,425 plus interest. It further ordered that the amount of the claim be paid into the district court registry fund and held "until such time as any claims the State of Colorado may have against such monies are resolved."

On January 2, 1986, attorneys filed a "motion to reduce lien to judgment and enforce lien." On January 27, 1986, the State filed a claim pursuant to § 21-1-106, C.R.S. (1986 Repl. Vol. 8B), for $16,373.13, seeking reimbursement for monies the State had expended for appointed counsel to represent Dan H. Benney in a criminal proceeding resulting in his being convicted of first degree murder and related crimes for the death of decedent.

After a hearing, the trial court found that the amount of the attorneys' claim was "reasonable for the work performed under the existing circumstances." Nevertheless, it determined that, as a matter of public policy, the funds in question should be paid over to the State, and this appeal followed.

Attorneys contend that their attorneys' lien for work done in the probate action was asserted prior in time to the State's assertion of its lien for monies expended in the criminal action. Consequently, they argue, the trial court erred in awarding the funds to the State. We agree.

An attorney's lien begins to accrue from the moment of commencement of services. *People ex rel. MacFarlane v. Harthun,* 195 Colo. 38, 581 P.2d 716 (1978); *Dankwardt v. Kermode,* 68 Colo. 225, 187 P. 519 (1920). An attorney's charging lien may be asserted and enforced in the civil action which gave rise to the lien. *Gee v. Crabtree,* 192 Colo. 550, 560 P.2d 835 (1977).

The lien is chargeable against any person who, at the time that notice of intent to claim a lien is given, holds monies or property which become proceeds of a judgment to be entered in the future. *People ex rel. MacFarlane v. Harthun, supra; In re Marriage of Smith,* 687 P.2d 519 (Colo.App.1984). Thus, an attorney's lien on a judgment for efforts expended in procuring it is superior to the right of a judgment creditor of the client in a garnishment proceeding. *Collins v. Thuringer,* 92 Colo. 433, 21 P.2d 709 (1933).

Here, attorneys filed their notice of lien the day before judgment was entered on their client's claim. The State's claim was not filed until approximately six weeks later. Consequently, since the notice of an attorneys' lien was properly filed before the entry of judgment and before the State's assertion of its claim, we conclude that the attorneys' lien had priority. *See In re Marriage of Mann,* 697 P.2d 778 (Colo.App.1984).

The trial court's ruling that the award to Benney was to be held in abeyance "until

any claims the State of Colorado may have against such monies are resolved" constituted an ineffective attempt to award the State's claim priority. When that ruling was made, the award to Benney, as a matter of law, was already burdened with the attorneys' lien for attorney fees.

The judgment is reversed and the cause is remanded for entry of judgment in favor of the attorneys.

STERNBERG and HUME, JJ., concur.